# EXHIBIT 1

AO 2021-30(S)

Municipal Clerk's Office
**Amended and Approved**
Date: May 25, 2021

| | |
|---|---|
| Submitted by: | Chair of the Assembly at the Request of the Acting Mayor |
| Prepared by: | Anchorage Equal Rights Commission and Department of Law |
| For reading: | May 25, 2021 |

**ANCHORAGE, ALASKA**
**AO No. 2021-30(S), As Amended**

1  **AN ORDINANCE OF THE ANCHORAGE ASSEMBLY AMENDING ANCHORAGE**
2  **MUNICIPAL CODE TITLE 5, EQUAL RIGHTS, TO UPDATE DEFINITIONS; ADD**
3  **FAMILIAL STATUS AS A PROTECTED CLASS UNDER THE HOUSING**
4  **PROVISION; REPEAL CHAPTER 5.25 FAIR HOUSING ACT; ADD NEW**
5  **SECTIONS; AND MAKE OTHER PROCEDURAL, STRUCTURAL, AND**
6  **TECHNICAL UPDATES.**
7
8
9  **WHEREAS,** the Municipality is committed to preventing and eliminating unlawful
10 discrimination under title 5; and
11
12 **WHEREAS,** the Municipality seeks to promote efficiencies in process and best
13 practices in the enforcement of title 5; now, therefore,
14
15 **THE ANCHORAGE ASSEMBLY ORDAINS:**
16
17 **Section 1.**   Anchorage Municipal Code chapter 5.10 is hereby amended to read
18 as follows (*the remainder of the chapter is not affected and therefore not set out*):
19
20      **Chapter 5.10 – EQUAL RIGHTS COMMISSION**
21
22      **5.10.015 – Scope of Coverage.**
23
24      Title 5 shall be liberally construed to effectuate its goal of nondiscrimination.
25
26      * * *          * * *          * * *
27
28      **5.10.040 – Powers and duties.**
29
30      A.     The equal rights commission is authorized to:
31
32             1.     Develop programs designed to bring about the prevention and
33                    elimination of unlawful discrimination;
34
35             2.     Investigate complaints of discrimination brought under this title;
36
37             3.     Administer oaths and affirmations, certify its official acts, and
38                    issue subpoenas, subpoenas duces tecum, and other legal
39                    process to compel the attendance of witnesses and the
40                    production of testimony, books, records, papers, accounts,

documents or things in any inquiry, investigation, hearing or proceeding before the commission; the commission may petition the superior court of the state having jurisdiction to enforce its subpoenas, subpoenas duces tecum, and other legal process;

4.     Conduct exit interviews with parties to the commission proceedings;

5.     Hold public hearings [UNDER ANCHORAGE MUNICIPAL CODE SECTION 5.70.010 ET SEQ.,] and issue orders under this title; [ANCHORAGE MUNICIPAL CODE SECTIONS 5.40.080, 5.60.030 AND 5.70.080;]

6.     Grant all appropriate forms of relief as described in this title; [ANCHORAGE MUNICIPAL CODE SECTION 5.70.140 AND 5.70.150;]

7.     Intervene in any court proceeding brought under this title;

8.     Enter into agreements with counterpart agencies at all governmental levels to promote effective and efficient enforcement of the law;

9.     Review complaints of discriminatory acts and practices made to the commission and prioritize allocation of its staff and commission resources among complaints received in order to best fulfill the purposes of Charter Article XVII, Section 17. [OF THE HOME RULE CHARTER.] In [BY] prioritizing its investigatory and enforcement activities, the commission shall seek to eliminate unlawful discriminatory practices in the most cost efficient and effective manner possible;

10.    Hire an executive director, subject to the approval of the mayor, who shall serve at the pleasure of the commission:[,] and hire administrative staff as is required in the execution of its duties;

11.    Exercise general supervision of and direct the activities of the executive director;

12.    Delegate to the executive director all powers and duties given it by this title, except the powers to designate hearing panels and reconsideration panels, [POWER TO] hold public hearings, issue orders, and hire the executive director;

13[12]. Recommend to the mayor and assembly new legislation, and adopt such procedural and evidentiary rules as are necessary to fulfill the intent of this title; and

14[13]. Provide an annual report to the mayor and assembly.

(CAC 2.64.330; AO No. 2002-87, § 1, 6-11-02; AO No. 2002-163, § 1, 1-7-03; AO No. 2006-128, § 3, 9-26-06)

* * *          * * *          * * *

**5.10.060 – Legal Counsel.**

A.      The municipal attorney is the legal counsel for the commission. The municipal attorney shall advise the commission in legal matters arising in the discharge of its duties, shall assist in the preparation and presentation of complaints to the commission, and shall represent the commission in legal actions to which it is a party.

B.      The commission may employ temporary legal counsel for proceedings before the commission and court actions involving the commission in which proceedings or actions the municipal attorney is representing another agency of the municipal government.

**Section 2.**      Anchorage Municipal Code chapter 5.20 is hereby amended to read as follows (*the entirety of the chapter is not affected and therefore not set out, nor are other definitions in section 5.20.010*):

**Chapter 5.20 – UNLAWFUL DISCRIMINATORY PRACTICES**

**5.20.010 - Definitions.**

The following words, terms and phrases, when used in this title, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Accusation* means the charging document, based on a substantial evidence determination, issued by the executive director after determination of conciliation failure under AMC 5.70.010B.

*Amicus curiae* means [Latin for "a] "friend of the court[.]" in Latin. An amicus curiae brief is usually filed by one who has no standing to appear in a suit, but is interested in intervening to provide evidence, information or authority regarding a matter before the decision-making authority.

1    *Commission* means the <u>volunteer</u> Anchorage Equal Rights
2    Commission (AERC) <u>established in Charter section 17.02 and the members</u>
3    <u>of the staff to whom the powers of the AERC are delegated, if applicable to</u>
4    <u>those provisions</u>.
5
6    *Complaint* <u>means the document that is filed with the AERC under</u>
7    <u>section 5.40.010, alleging discrimination in violation of Anchorage Municipal</u>
8    <u>Code title 5.</u>
9
10   *Employer* means <u>a person</u> [AN EMPLOYER], public or private, <u>who</u>
11   <u>has</u> [OF] one or more <u>employees.</u> [PERSONS.]
12
13   *Familial status* <u>means one or more individuals (who have not attained</u>
14   <u>the age of 18 years) being domiciled with (1) a parent or another person</u>
15   <u>having legal custody of such individual or individuals; or (2) the designee of</u>
16   <u>such parent or other person having such custody, with the written permission</u>
17   <u>of such parent or other person. The protections afforded against</u>
18   <u>discrimination on the basis of familial status shall apply to any person who is</u>
19   <u>pregnant or is in the process of securing legal custody of any individual who</u>
20   <u>has not attained the age of 18 years.</u>
21
22   *Gender identity* means <u>the gender with which a person identifies, and</u>
23   <u>also includes the person's appearance, mannerisms, behavior, expression,</u>
24   <u>or other characteristics of the person that are or are perceived to be related</u>
25   <u>to gender, regardless of the individual's designated sex at birth or identified</u>
26   <u>in documents.</u> [A PERSON'S GENDER-RELATED SELF-IDENTITY, AS
27   EXPRESSED IN APPEARANCE OR BEHAVIOR, REGARDLESS OF THE
28   PERSON'S ASSIGNED SEX AT BIRTH. A PERSON'S GENDER IDENTITY
29   MAY BE ESTABLISHED BY EVIDENCE OF MEDICAL HISTORY, CARE OR
30   TREATMENT OF THE GENDER IDENTITY, CONSISTENT AND UNIFORM
31   ASSERTION OF THE GENDER IDENTITY, OR OTHER EVIDENCE THAT
32   THE GENDER IDENTITY IS SINCERELY HELD, CORE TO A PERSON'S
33   GENDER-RELATED SELF-IDENTITY, AND NOT BEING ASSERTED FOR
34   AN IMPROPER PURPOSE.]
35
36   *Hearing* or *public hearing* means an administrative adjudication held
37   pursuant to <u>chapter 5.70.</u> [ANCHORAGE MUNICIPAL CODE SECTIONS
38   3.60.010 AND 5.70.010 ET SEQ.]
39
40   *Hearing examiner* means the person appointed by the hearing panel
41   pursuant to section <u>5.70.040.</u> [5.70.030 UNDER THIS TITLE.]
42
43   *Hearing panel* means the commissioners designated by the chair to
44   either conduct a public hearing or to appoint a hearing examiner pursuant to
45   section 5.70.020 and <u>5.70.040.</u> [5.70.030 UNDER THIS TITLE.]

1       *Make whole* means a remedy intended to eliminate a continuing
2   unlawful discriminatory practice or the discriminatory effect of any past
3   unlawful discriminatory act or practice, and may include actual damages,
4   injunctive and equitable relief as specified in <u>this title.</u> [ANCHORAGE
5   MUNICIPAL CODE SECTIONS 5.70.140 AND 5.70.150.]

6

7       *Marital status* means any differential treatment because of a person's
8   marital status or change in marital status. This includes differential treatment
9   shown toward a person because <u>the person is unmarried, married, widowed,</u>
10  <u>divorced, an unmarried parent, or is pregnant and unmarried.</u> [HE OR SHE
11  IS NOT MARRIED, A PERSON BECAUSE HE OR SHE IS MARRIED, A
12  PERSON BECAUSE HE OR SHE IS WIDOWED OR DIVORCED, A
13  PERSON BECAUSE HE OR SHE IS A PARENT AND UNMARRIED, OR A
14  PERSON BECAUSE SHE IS PREGNANT AND UNMARRIED.]

15

16      *National origin* includes <u>birthplace, ancestry, culture, ethnicity, accent,</u>
17  <u>or linguistic characteristics, or appearing to be a certain ethnic background,</u>
18  <u>even if they are not.</u> [ANCESTRY, PERSONS NOT CITIZENS AND THEIR
19  DESCENDANTS, AND PERSONS NATURALIZED AND THEIR
20  DESCENDANTS.]

21

22      *Order* means a decision made by the commission constituting a final
23  administrative order at the completion of a public hearing pursuant to <u>chapter</u>
24  <u>5.70,</u> [ANCHORAGE MUNICIPAL CODE SECTION 5.70.140,] or an order
25  on reconsideration pursuant to subsection <u>5.60.030F.</u> [5.60.030D., OR AN
26  ORDER ON CLASS ACTION PURSUANT TO SUBSECTION 5.40.080C.
27  AND D. UNDER THIS TITLE.]

28

29      *Public accommodation* means <u>a business, accommodation,</u>
30  <u>refreshment, entertainment, recreation, or transportation facility of any kind,</u>
31  <u>whether licensed or not, **(1)** whose goods, services, facilities, privileges,</u>
32  <u>advantages or accommodations are</u> ***[extended, offered, sold, or***
33  ***otherwise]*** <u>made available to the **general** public, or **(2)** that accepts public</u>
34  <u>funds **with non-discrimination contractual requirements.**</u> [ANY
35  BUSINESS OR PROFESSIONAL ACTIVITY THAT IS OPEN TO, ACCEPTS
36  OR SOLICITS THE PATRONAGE OF, OR CATERS OR OFFERS GOODS
37  OR SERVICES TO THE GENERAL PUBLIC, SUBJECT ONLY TO THE
38  CONDITIONS AND LIMITATIONS ESTABLISHED BY LAW AND
39  APPLICABLE ALIKE TO ALL PERSONS.]

40

41      *Staff* means those <u>paid employees</u> [PERSONS] who assist the
42  executive director in carrying out the provisions of Anchorage Municipal Code
43  Title 5.

44

45      *Substantial evidence* means <u> such</u> [~~*the minimum amount of*~~] [~~more~~

1   ~~than a mere scintilla of evidence.  It means~~] [SUCH] relevant evidence as
2   a reasonable mind might accept as adequate to support a conclusion.
3
4   (AO No. 92-116(S); AO No. 93-99; AO No. 93-149, § 2, 10-15-93; AO No.
5   96-99, § 1, 10-22-96; AO No. 2002-163, § 2, 1-7-03; AO No. 2015-96(S-1),
6   § 2, 9-29-15)
7
8   **5.20.020 - Unlawful practices in the sale, rental or use of real property.**
9
10  A.      [WITH THE EXCEPTION OF THOSE CONDITIONS DESCRIBED IN
11          SECTION 5.25.030A. AS "LAWFUL PRACTICES", it] <u>It</u> is unlawful for
12          the owner, lessor, manager, agent, brokerage service, or other person
13          having the right to sell, lease, rent, advertise, or an owner's
14          association having the powers of governance and operation of real
15          property                                                                                to:
16
17          1.      Refuse to sell, lease or rent, or to otherwise make unavailable,
18                  the real property to a person because of race, color, sex, sexual
19                  orientation, gender identity, religion, national origin, marital
20                  status, age, <u>familial status,</u> or physical or mental disability.
21
22          2.      Discriminate against a person because of race, color, sex,
23                  sexual orientation, gender identity, religion, national origin,
24                  marital status, age, <u>familial status,</u> or physical or mental
25                  disability in a term, condition or privilege relating to the use,
26                  sale, lease or rental of real property.
27
28          3.      Make a written or oral inquiry or record of the race, color, sex,
29                  sexual orientation, gender identity, religion, national origin,
30                  marital status, age, <u>familial status,</u> or physical or mental
31                  disability of a person seeking to buy, lease or rent real property.
32
33          4.      Offer, solicit, accept, use or retain a listing of real property with
34                  the understanding that a person may be discriminated against
35                  in a real estate transaction or in the furnishing of facilities or
36                  sources in connection therewith because of a person's race,
37                  color, sex, sexual orientation, gender identity, religion, national
38                  origin, marital status, age, <u>familial status,</u> or physical or mental
39                  disability.
40
41          5.      Represent to a person that real property is not available for
42                  inspection, sale, rental or lease when in fact it is available, or
43                  refuse a person the right to inspect real property, because of
44                  the race, color, sex, sexual orientation, gender identity, religion,
45                  national origin, marital status, age, <u>familial status,</u> or physical

or mental disability of that person or because of any person associated with that person.

6. Engage in blockbusting for profit.

7. Circulate, issue or display, make, print or publish, or cause to be made or displayed, printed or published, any communication, sign, notice, statement or advertisement with respect to the use, sale, lease or rental of real property that indicates any preference, limitation, specification or discrimination based on race, color, sex, sexual orientation, gender identity, religion, national origin, marital status, age, <u>familial status,</u> or physical or mental disability.

8. To discriminate against any person in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of that person, or a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available, or any person associated with that person.

9. For purposes of subsection A, discrimination consistent with federal and state law[,] includes but is not limited to:

[***     ***     ***]

B. Notwithstanding the provisions of this section, this section does not apply where the renter or lessee shares common living areas in an individually or privately owned home or dwelling unit with the owner, lessor, manager, agent or other person and the owner, lessor, manager, agent actually occupies the home or dwelling unit as a resident. **<u>This section also does not apply to places which are institutional in nature and for which housing is merely incidental to a broader purpose, such as rehabilitation or medical care. Such institutional places may still be covered under section 5.20.050.</u>**

(CAC 8.36.090; AO No. 93-149, § 2, 10-15-93; AO No. 2002-163, § 3, 1-7-03; AO No. 2008-16, § 1, 3-18-08; AO No. 2015-96(S-1), § 3, 9-29-15 )

* * *          * * *          * * *

**5.20.060 - Unlawful practices in educational institutions.**

A. It is unlawful for a person operating or assisting in the operation of an

educational institution to:

1.  Refuse to admit or otherwise to discriminate against an individual with respect to the terms, conditions, accommodations, advantages, facilities, benefits, privileges or services of that institution on account of race, color, sex, sexual orientation, gender identity, religion, national origin, marital status, age, or <u>in a manner inconsistent with federal disability protections such as the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, or the Individuals with Disabilities Education Act (IDEA), on account of</u> physical or mental disability.

2.  Make or use a written or oral inquiry or form of application for admission that elicits information concerning the race, color, sex, sexual orientation, gender identity, religion, national origin, marital status, age, or physical or mental disability, of an applicant for admission<u>, unless otherwise required by law</u>.

        * * *            * * *            * * *

(CAC 8.40.030; AO No. 93-149, § 2, 10-15-93; AO No. 2002-163, § 4, 1-7-03; AO No. 2015-96(S-1), § 7, 9-29-15 )

* * *            * * *            * * *

**5.20.090 - Religious exemptions.**

A.  Religious-preference exception: It shall be lawful for a bona fide religious or denominational institution, organization, corporation, association, educational institution, or society, to limit, select or give preferential treatment in employment, admissions, accommodations, advantages, facilities, benefits, or services, to persons of the same religion or denomination, that is reasonably calculated to promote the religious principles for which it is established or maintained. Such organizations otherwise remain subject to the other provisions in this title with regard to race, color, sex, sexual orientation, gender identity, [RELIGION,] national origin, marital status, age, or physical or mental disability.

* * *            * * *            * * *

(AO No. 92-116(S); AO No. 93-99; AO No. 2002-163, § 4, 1-7-03; AO No. 2015-96(S-1), § 10, 9-29-15 )

**Section 3.**    Anchorage Municipal Code chapter 5.25 is hereby repealed to read as follows (*the entirety of the repealed chapter is Attachment A*):

      **Chapter 5.25 – [FAIR HOUSING ACT] (Repealed).**

**Section 4.**    Anchorage Municipal Code chapter 5.30 is hereby amended to read as follows (*the remainder of the chapter is not affected and therefore not set out*):

      **Chapter 5.30 – GENERAL PROVISIONS**

      **5.30.030 - Correspondence.**

      Correspondence regarding potential or pending complaints shall be addressed to the executive director or his or her designated staff member. Correspondence to commissioners shall be sent in care of the executive director when the correspondence regards potential or pending complaints. No commissioner may consider pending complaints until the case is before the commissioners at the public hearing stage under chapter 5.70, or upon a request for reconsideration under section 5.60.030.

      (AR No. 92-223(S); AO No. 2002-163, § 8, 1-7-03)

**Section 5.**    Anchorage Municipal Code chapter 5.40 is hereby amended to read as follows (*the remainder of the chapter is not affected and therefore not set out*):

      **Chapter 5.40 – COMPLAINT AND ANSWER**

      **5.40.010 - Complaints.**

    A.    A person who **sincerely** believes he or she is aggrieved or injured by any discriminatory act or practice prohibited by this title may file a verified written complaint with the equal rights commission within 180 days from the date of the alleged discriminatory act or practice, stating the name and address of the person alleged to have engaged in the discriminatory act or practice, and a short plain statement of each alleged unlawful discriminatory act or practice. ***For purposes of this chapter, no protected class may be asserted for an improper purpose.***

    B.    Consistent with subsection A., the executive director, with the approval of a panel of 3 commissioners **selected on a rotating basis by the Commission Chair**, may also file a verified written complaint on behalf of a person or persons aggrieved by an alleged discriminatory act or practice within 180 days from the date of the alleged discriminatory act or practice or within 60 days after the

alleged discriminatory act or practice comes to the executive director's attention, whichever is later, including an identification of the person or persons affected by the alleged unlawful practice which is sufficient to enable staff to investigate the complaint.

C.      If the alleged act or practice is of a continuing nature, the date of its occurrence shall be considered to be any date after the commencement of the practice up to and including the date on which the practice ceased.

(CAC 8.36.020); AR No. 92-223(S); AO No. 2002-163, § 10, 1-7-03)

* * *          * * *          * * *

**5.40.040 - Answer.**

A.      A respondent may file a written answer to the complaint within 20 days of service of the complaint and may provide any other information that it believes is relevant to the investigation of the allegations in the complaint.

B.      The answer <u>should</u> [SHALL] include:

      1.      The full name and address of respondent;

      2.      The name and address of respondent's attorney, if any;

      3.      A statement that the respondent admits, denies or does not have and is unable to obtain sufficient information to admit or deny each allegation made in the complaint. A statement of lack of information shall have the effect of a denial. Any allegation that is not denied shall be deemed admitted; and

      4.      Each and every affirmative defense and a statement of the facts supporting each affirmative defense.

C.      The respondent may direct a written request for an extension of time to file its answer to the executive director or his or her designee prior to unsuccessful conciliation. [AFTER UNSUCCESSFUL CONCILIATION, RESPONDENT MAY DIRECT A WRITTEN REQUEST FOR AN EXTENSION OF TIME TO FILE AN ANSWER TO THE HEARING PANEL OR HEARING EXAMINER.]

(AR No. 92-223(S); AO No. 2002-163, § 12, 1-7-03)

* * *          * * *          * * *

**5.40.060 - Withdrawn complaint.**

A.     A complainant may request to withdraw a complaint by filing a written
       request with the executive director at any time prior to the issuance of
       the <u>accusation.</u> [DETERMINATION.]

B.     The executive director shall prepare and serve on all parties a closure
       or notice of dismissal when a complaint has been withdrawn.

C.     After the commencement of the public hearing <u>under chapter 5.70,</u> a
       complaint may only be withdrawn with the approval of the hearing
       panel or hearing examiner.

D.     The executive director may substitute himself or herself for a
       complainant by giving written notice to that effect within 15 days after
       a withdrawal has been granted pursuant to subsection <u>C. of this</u>
       <u>section.</u> [5.40.080B. OF THESE REGULATIONS.] The substitution
       relates back to the date of the original complaint.

(AR No. 92-223(S); AR No. 96-174, § 2, 10-22-96; AO No. 2002-163, § 13,
1-7-03)

<u>**Section 6.**</u>     Anchorage Municipal Code chapter 5.50 is hereby amended to read
as follows (*the remainder of the chapter is not affected and therefore not set out*):

**Chapter 5.50 - IMPARTIAL INVESTIGATION**

**5.50.010 - Investigative overview.**

The commission shall investigate promptly and impartially the matters set out
in the filed complaint. If it determines the allegations are supported by
substantial evidence, it shall immediately attempt to eliminate the alleged
discriminatory act or practice by conference, persuasion and conciliation. If
the commission determines the allegations are not supported by substantial
evidence, the complaint shall be closed or dismissed. The commission shall<u>,</u>
<u>unless good cause is shown,</u> [IN ANY EVENT] issue its determination within
240 days after the filing of the complaint.  <u>**If good cause is shown to extend**</u>
<u>**an investigation beyond 240 days, the commission shall notify the**</u>
<u>**parties.**</u>

(CAC 8.36.040; AO No. 96-99, § 2, 10-22-96; AO No. 2002-163, § 14, 1-7-
03)

**5.50.020 - Fact finding procedures.**

A.  After a complaint has been filed, staff shall convene a fact finding conference with the parties to define issues, receive and exchange information relevant to the complaint and response, if any, and negotiate a voluntary resolution of the complaint, if possible, through a pre-determination settlement agreement. Parties shall be permitted to be fully represented by legal counsel at the fact finding conference. Legal counsel shall be entitled to speak and present on behalf of the represented party at the fact finding conference. Legal counsel may not, however, cross-examine the other party and must submit any questions through staff.

B.  Staff shall provide the following information and instructions to the parties, in writing, at least 21 days prior to the fact finding conference:
    1.  The date, time, and place of the conference;
    2.  The information to be provided by the parties to staff, and the date on which this information is due; and
    3.  The procedures to be followed at the conference.

C.  Each allegation of the complaint and response, if any, shall be closely examined and fully discussed. Each party shall be allowed a reasonable time to present evidence in support of his or her position. [EACH PARTY MAY BRING A REASONABLE NUMBER OF WITNESSES.] Staff may limit the number of persons in attendance. [~~Complainant may be accompanied by one support person or an~~ ~~attorney.   Respondent   may   choose   no   more   than   two~~ ~~representatives   to   attend,   in   addition   to   an   attorney.~~] <u>**Complainant and Respondent may be accompanied by an attorney.  In addition, Respondent may choose no more than two representatives to attend and Complainant may choose to be accompanied by a support person.**</u>

D.  (Reserved.)

E.  Staff may take notes at the conference and accept exhibits and documents from the parties. <u>No person may make an audio or video recording of the conference.</u>

F.  Exhibits and documents received at a fact finding conference may be used as evidence in making a determination pursuant to section 5.60.010<u>.</u> [OF THIS TITLE.]

G.  Statements made by a party during a fact finding conference may be used as evidence in making a determination <u>pursuant to section</u>

5.60.010 and may be used as evidence at the <u>public</u> hearing held pursuant to <u>chapter 5.70.</u> [SECTIONS 5.70.010 THROUGH 5.70.160 OF THIS TITLE.]

H.      Neither the executive director nor staff may disclose or use as evidence offers or counteroffers of settlement made during a fact finding conference, or use such offers or counteroffers as evidence in making a determination <u>under section 5.60.010 or at the public hearing under chapter 5.70</u>.

I.[H.]  If, at the conclusion of the fact finding conference, additional information is required from either party, staff and the parties shall determine the specific time frame and method required for submission of that additional information.

J.[I.]  A pre-determination settlement agreement must be approved by the executive director or his or her designee.

(AR No. 92-223(S); AR No. 96-174, § 3, 10-22-96; AO 2002-163, § 15, 1-7-03; AO No. 2015-96(S-1), § 11, 9-29-15 )

**5.50.030 - Effect of failure to furnish responses to requests for essential information or produce witnesses or attend fact finding conference.**

A.      The executive director may dismiss a complaint if the complainant fails to attend the fact finding conference or to furnish the information requested in subsection 5.50.020B.2. of this title, without good cause, or if the executive director has determined that the complainant has unreasonably obstructed the fact finding conference.

B.      If the respondent fails to timely furnish the information requested in subsection 5.50.020B.2. of this title, or if the respondent fails to provide responses to a request for essential information or interrogatories, or fails to attend the fact finding conference without good cause or unreasonably obstructs the fact finding conference, <u>the commission's staff shall analyze the available evidence and determine whether the complaint is supported by substantial evidence; staff may seek enforcement of a subpoena or subpoena duces tecum **(requiring the production of documents or other evidence)** in superior court.</u> [THIS CONDUCT MAY BE TREATED AS AN ADMISSION OF THE ALLEGATIONS IN THE COMPLAINT FOR PURPOSES OF THE SUBSTANTIAL EVIDENCE DETERMINATION ONLY.]

(AR No. 92-223(S); AR No. 96-174, § 4, 10-22-96; AO 2002-163, § 15,

1-7-03; AO No. 2015-96(S-1), § 12, 9-29-15)

* * *          * * *          * * *

**5.50.060 - General investigations.**

A.    The commission, on its own motion, or the executive director with the
      approval of a panel of three commissioners **selected on a rotating
      basis by the Commission Chair,** may[, ON THEIR OWN MOTION,]
      initiate a general investigation to determine the extent to which an
      individual, group, corporation, business, industry, agency, or
      organization is complying with the provisions of chapter 5.20. [OF THE
      ANCHORAGE MUNICIPAL CODE.]

B.    In the course of a general investigation, the executive director may
      require the submission of information by an individual, group,
      corporation, business, industry, agency or organization being
      investigated, concerning the race, color, sex, religion, national origin,
      marital status, age, or physical or mental disability, of any employee
      or other person**, if available,** and all other information relevant to the
      investigation.

C.    A general investigation may be as broad in scope as may be
      necessary to effectuate the purposes of title 5. [OF THE
      ANCHORAGE MUNICIPAL CODE.]

(AR No. 92-223(S); AR No. 93-266, § 1, 10-15-93; AO No. 2002-163, § 15,
1-7-03)

* * *          * * *          * * *

**5.50.080 - Subpoena.**

A.    Before issuance of a determination of conciliation failure:

      1.    The executive director may issue a subpoena upon his or her
            own motion or upon written request and good cause shown by
            a party, whenever necessary to compel the attendance and
            testimony of witnesses at interviews, conferences, hearings or
            depositions. Before issuance of a determination of conciliation
            failure, the executive director may issue a subpoena duces
            tecum whenever necessary to compel the production of books,
            records, papers, payroll or personnel records, correspondence,
            documents or any other evidence relating to any matter under
            investigation before the commission.

2.  Within five days after the service on a person of a subpoena requiring the production of any evidence in his or her possession or under his or her control, that person may file a motion requesting the commission chair to revoke the subpoena. The commission chair shall revoke the subpoena if it finds the evidence required to be produced does not relate to any matter under investigation, or the subpoena does not describe with sufficient particularity the evidence required to be produced.

B.  **[AFTER ISSUANCE OF ~~an accusation~~:]** [A DETERMINATION OF CONCILIATION FAILURE:]

**[1.  THE HEARING PANEL OR HEARING EXAMINER MAY ISSUE A SUBPOENA UPON WRITTEN REQUEST AND GOOD CAUSE SHOWN BY A PARTY, WHENEVER NECESSARY TO COMPEL THE ATTENDANCE AND TESTIMONY OF WITNESSES AT INTERVIEWS, CONFERENCES, HEARINGS OR DEPOSITIONS, OR MAY ISSUE A SUBPOENA DUCES TECUM WHENEVER NECESSARY TO COMPEL THE PRODUCTION OF BOOKS, RECORDS, PAPERS, PAYROLL OR PERSONNEL RECORDS, CORRESPONDENCE, DOCUMENTS OR ANY OTHER EVIDENCE RELATING TO ANY MATTER UNDER INVESTIGATION BEFORE THE COMMISSION.**

**2.  WITHIN FIVE DAYS AFTER THE SERVICE ON A PERSON OF A SUBPOENA REQUIRING THE PRODUCTION OF ANY EVIDENCE IN HIS OR HER POSSESSION OR UNDER HIS OR HER CONTROL, THAT PERSON MAY FILE A MOTION REQUESTING THE HEARING PANEL OR HEARING EXAMINER TO REVOKE THE SUBPOENA. THE HEARING PANEL OR HEARING EXAMINER SHALL REVOKE THE SUBPOENA IF IT FINDS THE EVIDENCE REQUIRED TO BE PRODUCED DOES NOT RELATE TO ANY MATTER UNDER INVESTIGATION, OR THE SUBPOENA DOES NOT DESCRIBE WITH SUFFICIENT PARTICULARITY THE EVIDENCE REQUIRED TO BE PRODUCED.]**

**[C.]**  The party requesting the subpoena shall be responsible for serving the subpoena.

**C. [D.]** **A subpoena served under this section is enforceable in superior court.**  In the event that a person issued a subpoena does not respond, the executive director or the chair shall proceed with the civil

remedy set forth in Anchorage Municipal Code subsection 5.80.010B., or 5.80.030B., by seeking an appropriate order from the court.

(AR No. 92-223(S); AO No. 2002-163, § 15, 1-7-03)

**Section 7.**    Anchorage Municipal Code chapter 5.60 is hereby amended to read as follows (*the remainder of the chapter is not affected and therefore not set out*):

**Chapter 5.60 – COMPLETION OF INVESTIGATION**

* * *          * * *          * * *

**5.60.020 – Administrative closure.**

A.     The executive director may administratively close a complaint in the following instances:

    1.     If the complainant has failed to attend or cooperate in the fact finding conference, as provided in subsection 5.50.020A. [OF THIS TITLE];

    2.     If the complainant has otherwise failed to cooperate in the investigation of the complaint;

    3.     If the whereabouts of the complainant are unknown and have remained unknown for at least 30 days despite reasonable efforts to locate the complainant;

    4.     If the commission lacks jurisdiction over the subject matter or a necessary party to the action or is otherwise unable to proceed with the investigation;

    5.     If the complainant refuses to accept a settlement reasonably calculated to make him or her whole and there are no overriding public interest issues in the complaint[, EXCEPT IN COMPLAINTS FILED UNDER ANCHORAGE MUNICIPAL CODE CHAPTER 5.25];

    6.     If the complaint is settled by the parties;

    7.     If the complainant makes a request to withdraw the complaint which is approved pursuant to section 5.40.060 [OF THIS TITLE];

    8.     If the commission cannot investigate the complaint because of

a conflict of interest. In such case, the complaint may be referred for investigation to the Alaska State Commission for Human Rights or any other appropriate agency with jurisdiction;[.]

9.   If the complainant files a complaint in court alleging discrimination based on the same facts and issues as are currently pending before the commission;[.]

10.  If the commission reviews the complaint and makes a determination to prioritize allocation of staff and commission resources among complaints received to eliminate unlawful discriminatory practices in the most cost efficient and effective manner possible, pursuant to the commission's powers authorized under subsection 5.10.040A.9.

(AR No. 92-223(S); AO 2002-163, § 16, 1-7-03; AO No. 2008-16, § 3, 3-18-08)

**5.60.030 - Reconsideration.**

A.   When a complaint has been closed pursuant to subsections 5.60.010C. or 5.60.020A.1.—5. [OF THIS TITLE], the complainant may apply to the chair of the commission for reconsideration. [ON THE GROUND OF A MISTAKE IN DETERMINATION OF A FACT OR IN APPLICATION OF THE LAW TO THE FACTS. THE REQUEST FOR RECONSIDERATION SHALL BE SERVED ON THE RESPONDENT.] If there is no documentation that the request for reconsideration was served on the respondent, the commission staff shall serve a copy on the respondent.

B.   A written [AN] application for reconsideration shall [MUST INCLUDE A STATEMENT OF THE FACTS ALLEGED TO BE ERRONEOUS OR OF THE LAW ALLEGED TO BE INCORRECTLY APPLIED AND] be filed within 15 days after service of the closure.

C.   The complainant may request an extension of time in which to apply for reconsideration. The request must be filed with the chair of the commission within 15 days after service of the closure. The chair shall grant or deny the request within five days after it is received. Complainant will then be notified, in writing, if the request for an extension of time to apply for reconsideration is granted or denied.

D.   The chair shall determine whether a request for reconsideration is timely. If the request is timely, the chair shall appoint a reconsideration

panel of three commissioners to review the investigative and reconsideration files. Neither party may present any new information or evidence during reconsideration without providing a reasonable explanation as to why, with due diligence, the newly discovered information or evidence could not have been discovered and submitted to the investigator during the investigation. If the reconsideration panel determines there is a reasonable explanation for a delay in the submission of new evidence, the panel may receive argument and evidence, request additional evidence or take other appropriate action in the course of reaching a decision.

E.      A request for reconsideration may be granted on the grounds of a mistake in determination of a fact or in the application of the law to the facts. If the request for reconsideration is granted, the matter shall be remanded to the executive director with directions for further action, which may include further investigation.

F.      If the request for reconsideration is denied, an order shall be issued sustaining the dismissal.

G.      The reconsideration panel shall meet and grant or deny reconsideration within 30 days of receipt of complainant's request. This 30-day period may be extended upon notice to the complainant. After the panel has made their determination, notice shall be sent to the parties.

(AR No. 92-223(S); AR No. 96-174, § 6, 10-22-96; AO No. 2002-163, § 16, 1-7-03)

**5.60.040 - Conciliation procedures.**

A.      If the executive director determines that the allegations of a complaint are supported by substantial evidence, staff shall conduct a conciliation conference with the respondent within 45 days of the substantial evidence determination. The purpose of the conciliation conference is to develop an agreement between the respondent, the complainant, and the commission, and shall require commission approval.

B.      The respondent shall be given at least 15 days' notice of the conciliation conference date. Notice of a conciliation conference may be combined with a notice of determination issued pursuant to subsection 5.60.010D. [UNDER THIS TITLE].

C.      The complainant shall not attend the conciliation conference.[,

EXCEPT IN COMPLAINTS FILED UNDER ANCHORAGE MUNICIPAL CODE CHAPTER 5.25.]

D.   At the conciliation conference, staff shall propose remedies and shall negotiate terms to provide a remedy that is reasonably calculated to make the complainant whole and to eliminate the discriminatory practice or policy.

(AR No. 92-223(S); AO No. 2002-163, § 16, 1-7-03)

**5.60.050 - Determination of conciliation failure.**

A.   The executive director shall determine that conciliation efforts have failed when:

    1.   The respondent fails to attend a conciliation conference or advises the staff in writing of its refusal to conciliate; or

    2.   Within 30 days after the conciliation conferences, the [THE] respondent refuses to agree to a remedy which is reasonably calculated to make the complainant whole and to eliminate the discriminatory practice or policy.

B.   If the executive director determines that conciliation efforts have failed pursuant to subsection A of this section, the executive director may [SHALL] proceed in accordance with chapter 5.70 [SECTION 5.70.010 ET SEQ., OF THIS TITLE].

C.   The executive director may grant an extension of time to agree to terms of conciliation for good cause shown.

(AR No. 92-223(S); AO No. 2002-163, § 16, 1-7-03)

**5.60.060 - Administrative dismissal after conciliation conference.**

A.   If the respondent agrees to a remedy which the executive director believes is reasonably calculated to make the complainant whole and eliminate the discriminatory practice or policy, the provisions of which are acceptable to the complainant, the executive director shall administratively dismiss the complaint pursuant to subsection 5.60.020A.6. of this title.

B.   If the complainant refuses to accept a remedy offered by respondent,

which the executive director believes is reasonably calculated to make the complainant whole, the executive director may seek to remedy the discriminatory practice identified in the determination without the complainant's participation, and any agreement reached must be signed by the executive director and respondent; or the executive director may administratively dismiss the complaint. [SHALL ADMINISTRATIVELY DISMISS THE COMPLAINT PURSUANT TO SUBSECTION 5.60.020A.5. OF THIS TITLE. IN COMPLAINTS FILED UNDER ANCHORAGE MUNICIPAL CODE CHAPTER 5.25, THE EXECUTIVE DIRECTOR SHALL PROCEED IN ACCORDANCE WITH SECTION 5.70.010 ET SEQ., OF THIS TITLE.]

C.    If the executive director determines that a public hearing would not advance the purposes of title 5 or represent the best use of commission resources, the executive director shall administratively dismiss the complaint pursuant to subsection 5.60.020A.10.

(AR No. 92-223(S); AO No. 2002-163, § 16, 1-7-03)

**Section 8.**    Anchorage Municipal Code chapter 5.70 is hereby amended to read as follows (*the remainder of the chapter is not affected and therefore not set out*):

**Chapter 5.70 – PUBLIC HEARING**

**5.70.010 - Public hearing overview.**

A.    When conciliation efforts have failed to eliminate the alleged discriminatory practice or policy, or to otherwise make a complainant whole, the executive director shall inform the commission chair and serve written notice of conciliation failure on all parties. Within 30 days of conciliation failure, the executive director shall either file an accusation with the commission or dismiss the complaint [~~without prejudice~~]. Upon receiving an accusation, the commission chair shall then appoint a hearing panel in accordance with section 5.70.030.

B.    Within 30 days of appointment of the hearing panel, the executive director shall serve written notice of the hearing panel appointment, along with a copy of the accusation as it may be amended, on all parties.

[A.    IF THE EXECUTIVE DIRECTOR DETERMINES CONCILIATION EFFORTS TO ELIMINATE THE ALLEGED DISCRIMINATION ARE UNSUCCESSFUL, THE COMMISSION STAFF SHALL SERVE WRITTEN NOTICE, TOGETHER WITH A COPY OF THE COMPLAINT AS IT MAY BE AMENDED, REQUIRING THE

RESPONDENT TO ANSWER THE ALLEGATIONS OF THE
COMPLAINT AT A PUBLIC HEARING BEFORE THE COMMISSION.
THE CASE IN SUPPORT OF THE COMPLAINANT SHALL BE
PRESENTED BEFORE THE COMMISSION BY THE EXECUTIVE
DIRECTOR OR HIS OR HER DESIGNEE. THE COMPLAINANT MAY
BE REPRESENTED BY COUNSEL AT THE PUBLIC HEARING.

B.     THE RESPONDENT MAY FILE A WRITTEN ANSWER TO THE
COMPLAINT WITHIN 20 DAYS OF SERVICE OF THE COMPLAINT
AND MAY APPEAR AT THE PUBLIC HEARING IN PERSON OR BY
COUNSEL AND SUBMIT TESTIMONY. THE EXECUTIVE
DIRECTOR OR HIS OR HER DESIGNEE HAS THE POWER
REASONABLY AND FAIRLY TO AMEND THE COMPLAINT, AND
THE RESPONDENT HAS THE POWER REASONABLY AND
FAIRLY TO AMEND ITS ANSWER AT ANY TIME UP TO AND
INCLUDING THE TIME OF PUBLIC HEARING.]

***C.     Any person may obtain a transcript of the hearing upon payment
of costs of reproduction.***

(CAC 8.36.050; AO No. 96-99, § 3, 10-22-96; AO No. 2002-163, § 17, 1-7-
03)

**5.70.020 - Public hearing [HEARING] process.**

A.     The case in support of the accusation shall be presented before the
commission by the executive director or his or her designee. The
complainant may be represented by counsel at the public hearing.

B.     The respondent may file a written answer to the accusation within 20
days of service of the accusation and may appear at the public hearing
in person or by counsel and submit testimony. After issuance of an
accusation, respondent may direct a written request for an extension
of time to file an answer to the hearing panel or hearing examiner. The
executive director or his or her designee has the power to reasonably
and fairly amend the accusation, and the respondent has the power to
reasonably and fairly amend its answer at any time up to and including
the time of public hearing.

C.     Any person may obtain a transcript of the hearing upon payment of
costs.

[WHEN CONCILIATION EFFORTS HAVE FAILED TO ELIMINATE THE
ALLEGED DISCRIMINATORY PRACTICE OR POLICY, OR TO
OTHERWISE MAKE A COMPLAINANT WHOLE, THE EXECUTIVE

DIRECTOR SHALL PROMPTLY INFORM THE COMMISSION. THE
COMMISSION CHAIR SHALL THEN APPOINT A HEARING PANEL IN
ACCORDANCE WITH SECTION 5.70.030 OF THIS TITLE. THE
EXECUTIVE DIRECTOR SHALL SERVE A WRITTEN NOTICE OF THE
HEARING PANEL APPOINTMENT ALONG WITH A COPY OF THE
COMPLAINT ON ALL PARTIES WITHIN TEN DAYS AFTER THE
APPOINTMENT OF THE HEARING PANEL.]

(AR No. 92-223(S); AO 2002-163, § 18, 1-7-03)

**5.70.030 - Appointment of <u>public</u> hearing panel.**

A.      The chair shall appoint three commissioners to serve as members of
        a <u>public</u> hearing panel.

B.      Appointment of commissioners to serve on the hearing panel shall be
        on a <u>rotating</u> [CASE-BY-CASE] basis.

C.      Should a vacancy on the hearing panel occur, the chair shall appoint
        another member of the commission to fill the vacancy.

(AR No. 92-223(S); AO No. 2002-163, § 18, 1-7-03)

**5.70.040 - Powers and duties of hearing panel and hearing examiner.**

* * *            * * *            * * *

[H.     IN CASES UNDER ANCHORAGE MUNICIPAL CODE CHAPTER
        5.25, A HEARING PANEL COMPOSED OF MEMBERS OF THE
        COMMISSION SHALL HEAR THE CASE OR THE HEARING
        EXAMINER SHALL BE AN EMPLOYEE OF THE MUNICIPALITY.]

(AR No. 92-223(S); AR No. 96-174, § 7, 10-22-96; AO No. 2002-163, § 18,
1-7-03; AO No. 2008-16, § 4, 3-18-08)

**5.70.050 - Hearing date.**

A.      The hearing panel or hearing examiner shall, within <u>30</u> [60] days of
        appointment, establish a hearing date.

* * *            * * *            * * *

(AR No. 92-223(S); AO No. 2002-163, § 18, 1-7-03)

**5.70.060 - Staff attorney.**

A.    If the executive director is an attorney, the executive director shall not serve as legal advisor to the commission in issuing any non-procedural orders, in reconsideration matters, in any public hearings, or in any matters where the executive director has advised or supervised the staff during an investigation under this title.

B.    The staff attorney may present a case at hearing on behalf of the executive director.

C.    The staff attorney shall not serve as legal advisor to the commission in any adjudication involving a conflict of interest with a complainant, respondent or any other party to the complaint.

(AR No. 92-223(S); AO No. 2002-163, § 18, 1-7-03)

**5.70.070 - Public hearing pleadings. [PLEADINGS.]**

A.    All pleadings in public hearings shall be in writing.

B.    A party shall file the original of any public hearing pleading with the hearing panel or hearing examiner in care of the executive director. A [AND, A] party shall promptly serve upon all other parties a copy of any pleading. Service upon a party represented by an attorney may be made by mailing the pleading to the attorney by first class mail or by electronic service such as fax and/or email.

(AR No. 92-223(S); AO No. 2002-163, § 19, 1-7-03)

**5.70.080 – Public Hearing motions. [MOTIONS.]**

* * *    * * *    * * *

H.    The hearing panel will not review hearing orders of the examiner until the examiner submits a recommended decision under [ANCHORAGE MUNICIPAL CODE] subsection 5.70.150. [5.70.140B.1.]

(AR No. 92-223(S); AO No. 2002-163, § 20, 1-7-03)

**5.70.085 - Discovery at public hearing.**

A.    After issuance of the accusation, the executive director or a party may issue written interrogatories, requests for production, and requests for admissions to any party.

B.    Interrogatories, requests for production, and requests for admissions

may address any matter not privileged which is relevant to the subject matter involved in the pending action. Information sought need not be admissible at the hearing, if it appears reasonably calculated to lead to the discovery of admissible evidence.

C.  A party, including the executive director, shall respond in writing to the interrogatories, requests for production, and requests for admissions within 30 days after the date of receipt. Upon written request and a showing of good cause, the hearing panel or hearing examiner may extend the time within which the response may be completed and returned.

D.  A party, including the executive director, may file with the hearing panel or hearing examiner written objections to an interrogatory, request for production, or request for admission. Objections shall be submitted on a document separate from the document containing answers to interrogatories, and shall include a statement of the reason(s) for each objection. All objections shall be submitted within the 30 days allowed for responding to interrogatories, requests for production, and requests for admissions. Untimely objections shall not be considered.

E.  The hearing panel or hearing examiner shall either sustain the objection or order that the interrogatory, request for production, or request for admission be answered within 15 days after receipt of the order by the objecting party.

F.  In the event that a party fails to respond fully or object to an interrogatory, request for production, or request for admission or to obtain an extension of time within 30 days after being served, the hearing panel or hearing examiner shall file with the superior court, a motion to compel production and/or response.

**5.70.087 – Subpoena.**

A.  After issuance of the accusation, the hearing panel or hearing examiner may issue a subpoena upon written request and good cause shown by a party or the executive director, whenever necessary to compel the attendance and testimony of witnesses at hearings, or may issue a subpoena duces tecum whenever necessary to compel the production of books, records, papers, payroll or personnel records, correspondence, documents or any other evidence relating to any matter before the hearing panel or hearing examiner.

B.  Within five days after the service on a person of a subpoena requiring

1    the production of any evidence in his or her possession or under his
2    or her control, that person may file a motion requesting the hearing
3    panel or hearing examiner to revoke the subpoena. The hearing panel
4    or hearing examiner shall revoke the subpoena if it finds the evidence
5    required to be produced does not relate to any matter under
6    investigation, or the subpoena does not describe with sufficient
7    particularity the evidence required to be produced.
8
9    C.    The party requesting the subpoena, including the executive director,
10         shall be responsible for serving the subpoena.
11
12   D.    **A subpoena served under this section is enforceable in superior**
13         **court.**   In the event that a person issued a subpoena does not
14         respond, the hearing panel or hearing examiner shall proceed with the
15         civil remedy set forth in subsection 5.80.010B. or 5.80.030B., by
16         seeking an appropriate order from the court.
17
18   **5.70.090 - Intervention.**
19
20   Any person may file a motion to intervene no later than 20 days prior to the
21   date of the hearing. A motion to intervene shall be granted if the intervenor
22   may be bound by an order of the commission or has a legal interest which
23   may not be adequately represented by existing parties, or the executive
24   director, and intervention would not unduly broaden the issues or delay the
25   proceedings.
26
27   (AR No. 92-223(S); AO No. 2002-163, § 20, 1-7-03)
28
29   * * *          * * *          * * *
30
31   **5.70.110 - Conduct of hearings.**
32
33   A.    All hearings shall be conducted in accordance with chapter 5.70.
34         [ANCHORAGE MUNICIPAL CODE SECTION 3.60.045.] When a
35         matter arises at hearing, the procedure for which is not set out in
36         Anchorage Municipal Code chapter 5.70 [3.60] or in this title, the
37         hearing panel or hearing examiner is not strictly bound by, but may
38         look to chapter 3.60, the Alaska Rules of Civil Procedure, the Alaska
39         Rules of Evidence, or other pertinent legal precedent, texts or treatises
40         for guidance in making its rulings.
41
42   * * *          * * *          * * *
43
44   G.    The record of the hearing shall include: the notice of hearing, the
45         verified complaint and accusation as amended, the answer as

amended, a transcript of the testimony taken at the hearing, the exhibits and deposition testimony admitted as evidence, written applications and motions, briefs, stipulations, preliminary orders, findings of fact and conclusions of law, the final order and all other pleadings.

(AR No. 92-223(S); AO No. 2002-163, § 20, 1-7-03)

**5.70.120 - Evidence.**

A.    The hearing panel or hearing examiner shall have full authority to admit or exclude testimony or other evidence and to rule upon all motions or objections regarding evidence.

B.    [WHEN DEMEANOR, INCONSISTENCY OR PERSONAL CREDIBILITY ARE BASES FOR A RECOMMENDATION OR ORDER, THE HEARING PANEL OR HEARING EXAMINER SHALL SPECIFICALLY NOTE THESE OBSERVATIONS IN FINDINGS ACCOMPANYING THE RECOMMENDATION.]

[C.]    The hearing panel or hearing examiner shall give effect to the rules of privilege recognized by the Alaska Rules of Evidence.

(AR No. 92-223(S); AO No. 2002-163, § 20, 1-7-03)

**5.70.130 - <u>Findings of fact, proposed orders, and final order after public hearing.</u> [ORDERS.]**

A.    An order shall be in writing.

B.    At the completion of the public hearing provided for in this chapter,

    1.    The hearing panel or hearing examiner shall serve on all parties proposed findings of fact, conclusions of law, and a proposed order.

        a.    <u>The findings of fact shall demonstrate that each element of an allegation or defense was or was not proven by a preponderance of the evidence.</u>

        b.    <u>When demeanor, inconsistency, or personal credibility are bases for a recommendation or order, the hearing panel or hearing examiner shall specifically note these observations in findings accompanying the recommendation or order.</u>

2.     A party may present to the hearing panel or hearing examiner written objections to the proposed findings of fact, conclusions of law and order within 15 days after receipt or such other time as fixed by the hearing panel or hearing examiner.

3.     Upon consideration of objections submitted, review of the record and the proposed order, if the case is heard by a hearing examiner, the hearing panel shall issue a final order in the case.

4.     A final order shall be issued within 60 days after the time for objections to be filed has run. A final order shall be subscribed to by a majority of the commissioners on the hearing panel. A separate concurring or dissenting opinion may be filed by a hearing panel commissioner.

5.     Copies of the final order and notice of right to judicial review shall be sent to all parties and to the municipal attorney.

\* \* \*  \* \* \*  \* \* \*

(AO No. 96-99, § 4, 10-22-96; AO No. 2002-163, § 21, 1-7-03)

**5.70.140 – [RELIEF.] (Repealed).**

[IF, UPON CONSIDERATION OF ALL EVIDENCE, IT IS FOUND THAT A RESPONDENT HAS ENGAGED IN AN UNLAWFUL DISCRIMINATORY PRACTICE, THE HEARING PANEL SHALL ISSUE AN ORDER IN ACCORDANCE WITH ANCHORAGE MUNICIPAL CODE SECTION 5.70.130, REQUIRING RESPONDENT TO REFRAIN FROM ENGAGING IN DISCRIMINATORY CONDUCT.]

(AR No. 92-223(S); AR No. 96-174, § 9, 10-22-96; AO No. 2002-163, § 22, 1-7-03)

**5.70.150 – [DISMISSAL.] (Repealed).**

[IF, UPON CONSIDERATION OF ALL THE EVIDENCE, IT IS FOUND THAT THE RESPONDENT HAS NOT ENGAGED IN AN UNLAWFUL DISCRIMINATORY PRACTICE, THE HEARING PANEL SHALL SO STATE IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND THE HEARING PANEL SHALL ISSUE AN ORDER DISMISSING THE COMPLAINT AGAINST THAT RESPONDENT. ]

(AR No. 92-223(S); AR No. 96-174, § 10, 10-22-96; AO No. 2002-163, § 22, 1-7-03)

1   **Section 9.**     Anchorage Municipal Code chapter 5.80 is hereby amended to read
2   as follows (*the remainder of the chapter is not affected and therefore not set out*):
3
4        **Chapter 5.80 - MISCELLANEOUS PROVISIONS**
5
6        * * *            * * *             * * *
7
8        **5.80.040 - Effect of compliance with order.**
9
10       Immediate and continuing compliance with all the terms of an order of the
11       equal rights commission is a bar to prosecution for the particular instances of
12       discriminatory conduct described in the <u>complaint and/or</u> accusation filed
13       before the commission.
14
15       (AO No. 2002-163, § 24, 1-7-03)
16
17       **5.80.050 - Conflict of interest.**
18
19       A.    Only an impartial commissioner or hearing examiner shall participate
20             in a matter before the commission. A commissioner or hearing
21             examiner is not impartial if:
22
23             1.    He or she fails to meet the requirements of Anchorage
24                   Municipal Code chapter 1.15, Anchorage Municipal Code
25                   section 4.05.110, or any other applicable conflict of interest
26                   legislation; or
27
28             2.    Has a relationship, financial or otherwise, with any party which
29                   could reasonably be expected to influence, or which appears to
30                   influence, the commissioner's judgment concerning the matters
31                   to be adjudicated.
32
33       B.    No commissioner shall engage in ex parte communications with any
34             party concerning a case pending before the commission<u>, including</u>
35             <u>with the executive director or staff attorney</u>.
36
37       C.    A commissioner may excuse himself or herself on his or her own
38             motion, or may be declared ineligible by a majority vote of the
39             remaining members of the commission.
40
41       D.    Any commissioner who becomes aware of a violation of this section
42             shall immediately disclose the violation to the Anchorage Board of
43             Ethics.
44
45       (AR No. 92-223(S); AO No. 2002-163, § 25, 1-7-03)

**5.80.060 - Confidentiality.**

A.    Except as may be necessary for the proper investigation and adjudication of a complaint, fulfillment of statutory reporting requirements or cooperation with other governmental agencies, or to report imminent threats of harm to self or others to the proper authorities, <u>the commission members, commission staff, and executive director shall not make public</u> the identity of complainants and respondents and the contents of investigative files, including documents produced by the parties.<u>.</u>[, SHALL NOT BE DISCLOSED TO ANYONE OTHER THAN THE PARTIES AND THE COMMISSION STAFF.]

B.    Except as provided for in section 5.50.020 or otherwise provided by law, evidence contained in the investigative files shall not be <u>made public by the commission members, commission staff, nor the executive director.</u> [DISCLOSED.] However, the evidence compiled by the staff during an investigation shall be available to the <u>complainant</u> [COMPLAINT] or respondent in the following circumstances:

   1.    At least <u>30</u> [TEN] days before a public hearing is held under <u>chapter</u> 5.70;

   2.    <u>In accordance with the rules of discovery if an action relating to the complaint is commenced in a court of competent jurisdiction</u> **<u>including an administrative appeal of a commission order</u>**<u>;</u> <u>or</u> [UPON REQUEST BY COMPLAINANT IN PREPARATION FOR A REQUEST FOR RECONSIDERATION PURSUANT TO 5.60.030 WITHIN THE TIME PERIOD SPECIFIED FOR REQUESTING RECONSIDERATION; OR]

   3.    To comply with a subpoena issued by a court in which the complainant filed a complaint alleging discrimination based on the same facts and issues as were raised in the commission complaint or investigation.

C.    In addition, the commission my issue public statements describing or warning of a course of conduct that constitutes or will constitute an unlawful practice under this title, and the commission may also make information public if necessary to perform its duties or exercise its powers under title 5.

(AR No. 92-223(S); AR No. 96-174, § 11, 10-22-96; AO No. 2002-163, § 25, 1-7-03; AO No. 2008-16, § 5, 3-18-08)

1        * * *         * * *         * * *

2

3 **Section 10.** **Anchorage Municipal Code title 5 is hereby amended to replace**
4 **every reference to "he or she" with "they." Verb tenses shall be amended to**
5 **reflect the change (e.g. "he or she is to succeed" is amended to "they are to**
6 **succeed").**

7

8 **Section 11 [10].** This ordinance shall be effective immediately upon passage
9 and approval by the Assembly.

10

11

12 PASSED AND APPROVED by the Anchorage Assembly this 25th day of May, 2021.

13

14

15

16                                    _____
17                                      Chair
18 ATTEST:

19

20

21

22 _____
23 Municipal Clerk



# MUNICIPALITY OF ANCHORAGE

## Assembly Memorandum

**No.** AM 164-2021(A)

**Meeting Date:** May 25, 2021

**From:** ACTING MAYOR

**Subject:** AN ORDINANCE OF THE ANCHORAGE ASSEMBLY AMENDING ANCHORAGE MUNICIPAL CODE TITLE 5, EQUAL RIGHTS, TO UPDATE DEFINITIONS; ADD FAMILIAL STATUS AS A PROTECTED CLASS UNDER THE HOUSING PROVISION; REPEAL CHAPTER 5.25 FAIR HOUSING ACT; ADD NEW SECTIONS; AND MAKE OTHER PROCEDURAL, STRUCTURAL, AND TECHNICAL UPDATES.

Title 5 of the Anchorage Municipal Code is Anchorage's non-discrimination code and home to the Anchorage Equal Rights Commission (AERC). Title 5 contains substantive principles of law about what conduct constitutes unlawful discrimination in the MOA; it also sets forth the procedural rules and practices that the AERC uses in investigating and adjudicating claims of unlawful discrimination. Title 5 is in need of significant revision to update the substantive law, revise and clarify AERC procedures, and eliminate inconsistencies in the text.

**Background:**

The Assembly held worksessions on AO 2021-30 on May 14, 2021 and May 21, 2021. The AERC prepared AO 2021-30(S) to address the questions and concerns raised at these worksessions.

**AO 2021-30(S) includes:**

1.      Clarifying language added to the *Substantial evidence* and *Public accommodation* definitions;
2.      An exemption to section 5.20.020 - Unlawful practices in the sale, rental or use of real property for "places which are institutional in nature and for which housing is merely incidental;"
3.      Additional language regarding the sincerity of complainants when filing complaints;
4.      An explanation of how a panel of 3 commissioners is selected when approving director's charges and general investigations;
5.      Additional language regarding notice to parties that an investigation has gone beyond 240 days;
6.      Replacement language for the number of attendees Complainant and Respondent may bring to a fact finding conference;

7.      Explanation of the term *subpoena duces tecum*;

8.      Clarification that certain business records, such as employee demographic information, may be requested by the commission during an investigation, but are not required to be kept under title 5;

9.      Removal of duplicative language in section 5.50.080.B., as identical language is found in section 5.70.087 - Subpoena;

10.     Clarification that subpoenas related to AERC investigations or hearings are enforceable in superior court;

11.     Removal of "without prejudice" in section 5.70.010;

12.     Clarification that the AERC investigative file shall be available to a party after commencement of an administrative appeal in superior court; and

13.     Replacing instances of "he or she" in title 5 with "they" and making corresponding verb tense adjustments.


There are no economic effects to this ordinance and therefore, pursuant to AMC 2.30.053B.1., no Summary of Economic Effects is attached to this ordinance.

**THE ADMINISTRATION RECOMMENDS APPROVAL.**

Prepared by:            Department of Law
Approved by:            Mitzi Bolaños Anderson, Executive Director,
                        Anchorage Equal Rights Commission
Concur:                 Kathryn R. Vogel, Municipal Attorney
Concur:                 Anna C. Henderson, Municipal Manager
Respectfully submitted: Austin Quinn-Davidson, Acting Mayor