David A. Cortman, *Pro Hac Vice*
Ryan J. Tucker, *Pro Hac Vice*
Katherine L. Anderson, *Pro Hac Vice*
Jeremiah J. Galus, *Pro Hac Vice*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
dcortman@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org
jgalus@adflegal.org

Sonja Redmond, AK Bar No. 0605022
LAW OFFICE OF SONJA REDMOND
35865 Sunset Park St.
Soldotna, Alaska 99669
(907) 262-7846
sredmond@greatlandjustice.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

THE DOWNTOWN SOUP KITCHEN d/b/a DOWNTOWN HOPE CENTER,

Plaintiff,

v.

MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISSION, and MITZI BOLAÑOS ANDERSON, in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission,

Defendants.

Case No. 3:21-cv-00155-SLG

**Fed. R. Civ. P. 65**

**Oral Argument Requested**

## MOTION FOR PRELIMINARY INJUNCTION

1. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Downtown Hope Center respectfully moves this Court for a preliminary injunction to stop Defendants from enforcing Anchorage Municipal Code (AMC) §§ 5.20.050 and 5.20.020 in a manner that violates the constitutional rights of Hope Center and the women it serves.

2. Hope Center is a private, nonprofit religious organization that provides free religious teaching, food, and safe shelter for homeless and hurting women, many of whom are fleeing physical and sexual abuse. One way Hope Center does this is by allowing homeless women to sleep overnight at its facility. Each night, after serving dinner, Hope Center sets out mats, sheets, and blankets for the women. Space is limited. The shelter can take just 50 women, and those women must sleep side-by-side in one room. But it's better than being outside, cold and alone. Hope Center feeds them, keeps them warm, and makes sure they are safe.

3. But Anchorage doesn't think this women-only shelter is worth protecting. In fact, the city says it is illegal to help women in this way—that the city's nondiscrimination laws require Hope Center to allow biological men to sleep next to these vulnerable women.

4. The city tried this argument three years ago. And this Court wisely rejected it, concluding that the nondiscrimination laws then did not apply to a private homeless shelter like Hope Center. *See Downtown Soup Kitchen v. Municipality of Anchorage*, 406 F. Supp. 3d 776 (D. Alaska 2019).

5. But on May 25, 2021, Anchorage enacted AO2021-30, an ordinance developed and advocated for by the Anchorage Equal Rights

Commission and its Executive Director. This new law altered AMC §§ 5.20.020 and 5.20.050 in two significant ways. First, it *repealed* the homeless-shelter exemption expressly incorporated into AMC § 5.20.020, the exemption on which this Court's prior preliminary injunction ruling was based. Second, it revised the definition of "public accommodation" to ensure that AMC § 5.20.050's prohibitions now extend to homeless shelters like Hope Center.

6. Because of these changes, Hope Center is no longer exempted from AMC §§ 5.20.020 and 5.20.050, laws that prohibit sex and gender identity discrimination "in the sale, rental or use of real property" and "in places of public accommodation," respectively. Accordingly, Hope Center faces legal liability if it continues to operate its women's shelter consistently with its religious beliefs.

7. Yet AMC §§ 5.20.020 and 5.20.050 violate numerous constitutional rights, including the First Amendment right to free exercise and free speech and the Fourteenth Amendment right to intimate or private association. In the absence of a preliminary injunction, Hope Center and the women it serves will suffer irreparable harm. *See Hernandez v. Session*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he deprivation of constitutional rights unquestionably constitutes irreparable injury.").

8. As the accompanying brief explains in more detail, a preliminary injunction should also issue because Hope Center is likely to succeed on the merits of one or more of its claims; the balance of equities weighs in favor of preserving the status quo; and the public interest supports temporarily enjoining enforcement of a new law that harms vulnerable homeless women

and likely violates constitutional rights. *See, e.g.*, *Doe v. Harris*, 772 F.3d 563, 583 (9th Cir. 2014) ("[T]he balance of equities favors Appellees, whose First Amendment rights are being chilled"); *Sammartano v. First Judicial Dist. Ct.*, 303 F.3d 959, 974 (9th Cir. 2012) (abrogated on other grounds) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.").

9. Hope Center requests oral argument to be heard at a time and date set by the Court. In support of its motion, Hope Center relies on the following documents filed with the Court, which more fully specify the grounds for its motion:

- Verified Complaint and related exhibits;
- Memorandum in Support of the Motion for Preliminary Injunction and related exhibits;
- Declaration of Sherrie Laurie
- Declaration of J.A.
- Declaration of M.I.
- Declaration of T. E.
- Reply in Support of the Motion for Preliminary Injunction, with supporting documents, if any, when filed.

10. The requested preliminary injunction seeks to enjoin Defendants, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the order from directly or indirectly enforcing AMC §§ 5.20.020 and 5.20.050, as applied to the constitutionally protected activities of Hope Center and its

agents including its right to post its desired admission policy, to discuss its religious beliefs about sex and gender, and to open its women's homeless shelter to biological women only.

11. Hope Center also requests that this Court waive the bond requirement for a preliminary injunction because the requested injunction serves the public interest by vindicating Hope Center's constitutional rights. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005) (recognizing that no bond is appropriate in cases involving the public interest).

Respectfully submitted this 16th day of July, 2021.

*s/ Ryan J. Tucker*
David A. Cortman, *Pro Hac Vice*
Ryan J. Tucker, *Pro Hac Vice*
Katherine L. Anderson, *Pro Hac Vice*
Jeremiah J. Galus, *Pro Hac Vice*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
dcortman@adflegal.org
rtucker@adflegal.org
kanderson@adflegal.org
jgalus@adflegal.org

Sonja Redmond, AK Bar No. 0605022
LAW OFFICE OF SONJA REDMOND
35865 Sunset Park St.
Soldotna, Alaska 99669
(907) 262-7846
sredmond@greatlandjustice.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be personally served upon the following:

Municipality of Anchorage
623 W. 6th Avenue, Suite 730
Anchorage, AK 99501

Anchorage Equal Rights Commission
632 W. 6th Avenue, Suite 110
Anchorage, AK 99501

Mitzi Bolaños Anderson
Executive Director
Anchorage Equal Rights Commission
632 W. 6th Avenue, Suite 110
Anchorage, AK 99501

Respectfully submitted this 16th day of July, 2021.

*s/ Ryan J. Tucker*
Ryan J. Tucker
*Attorney for Plaintiff*