Ruth Botstein
Meagan Carmichael
Assistant Municipal Attorneys
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendants
Municipality of Anchorage, Anchorage Equal Rights Commission,
And Mitzi Bolaños Anderson

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE DOWNTOWN SOUP KITCHEN d/b/a DOWNTOWN HOPE CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> MUNICIPALITY OF ANCHORAGE, ANCHORAGE EQUAL RIGHTS COMMISION, and MITZI BOLAÑOS ANDERSON, in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:21-cv-00155 SLG |

## MUNICIPAL DEFENDANTS' ANSWER TO COMPLAINT

Defendants Municipality of Anchorage ("MOA"), the Anchorage Equal Rights Commission ("Commission"), and Mitzi Bolanos Anderson, in her Official Capacity as the Executive Director of the Anchorage Equal Rights Commission (collectively "Municipal

Defendants"), by and through the Municipal Attorney's Office, answer Plaintiff's Downtown Soup Kitchen, d/b/a Downtown Hope Center (collectively "Plaintiff") complaint paragraph by paragraph as follows:

## INTRODUCTION

1.    Paragraph 1 contains a summary of Plaintiff's characterization of its claim, to which no response is required.

2.    Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 2 of Plaintiff's Complaint.

3.    Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 3 of Plaintiff's Complaint.

4.    Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 4 of Plaintiff's Complaint.

5.    Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 5 of Plaintiff's Complaint.

6.    Municipal Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On

December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 7.

8. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 8.

9. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 9.

10. Paragraph 10 cites to exhibits and therefore does not require a response.

11. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On

December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 11.

12. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 12.

13. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 13.

## JURISDICTION AND VENUE

14. Municipal Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Accordingly, no answer is required to Paragraph 15.

16.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 16.

17.     Municipal Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint.

## PARTIES

18.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 18 of Plaintiff's Complaint.

19.     Municipal Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Municipal Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Municipal Defendants admit that at the time the Complaint was filed, Mitzi Bolanos Anderson was the Commission's Executive Director. The remainder of this paragraph states legal conclusions that do not require a response. Any remaining factual allegations of this paragraph are denied.

## FACTUAL BACKGROUND

22.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 22 of Plaintiff's Complaint.

23.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 23 of Plaintiff's Complaint.

24.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 24 of Plaintiff's Complaint.

25.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 25 of Plaintiff's Complaint.

26.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 26 of Plaintiff's Complaint.

27.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 27 of Plaintiff's Complaint.

28.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 28 of Plaintiff's Complaint.

29.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 29 of Plaintiff's Complaint.

30.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 30 of Plaintiff's Complaint.

31.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 31 of Plaintiff's Complaint.

**Hope Center's Religious Beliefs**

32.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 32 of Plaintiff's Complaint.

33.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 33 of Plaintiff's Complaint.

34.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 34 of Plaintiff's Complaint.

35.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 35 of Plaintiff's Complaint.

36.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 36 of Plaintiff's Complaint.

37.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 37 of Plaintiff's Complaint.

38.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 38 of Plaintiff's Complaint.

39.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 39 of Plaintiff's Complaint.

40.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 40 of Plaintiff's Complaint.

41.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 41 of Plaintiff's Complaint.

### Hope Center Women's Shelter

42.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 42 of Plaintiff's Complaint.

43.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 43 of Plaintiff's Complaint.

44.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 44 of Plaintiff's Complaint.

45.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 45 of Plaintiff's Complaint.

46.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 46 of Plaintiff's Complaint.

47.  Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 47 of Plaintiff's Complaint.

48.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 48 of Plaintiff's Complaint.

49.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 49 of Plaintiff's Complaint.

50.     Paragraph 50 cites to exhibits and therefore does not require a response.

51.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 51 of Plaintiff's Complaint.

52.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 52 of Plaintiff's Complaint.

53.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 53 of Plaintiff's Complaint.

54.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 54 of Plaintiff's Complaint.

55.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 55 of Plaintiff's Complaint.

56.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 56 of Plaintiff's Complaint.

57.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 57 of Plaintiff's Complaint.

58.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 58 of Plaintiff's Complaint.

59.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 59.

### The Anchorage Municipal Code

60.     Paragraph 60 paraphrases sections of the AMC and therefore does not require a response.  The AMC speaks for itself.

61.     Paragraph 61 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

62.     Paragraph 62 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

63.     Paragraph 63 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

64.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 64.

65.     Paragraph 65 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

66.     Paragraph 66 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

67.     Paragraph 67 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

68.     Paragraph 68 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

69.     Paragraph 69 paraphrases sections of the AMC and therefore does not require a response. The current and former AMC speaks for itself.

70. Paragraph 70 paraphrases sections of the AMC and therefore does not require a response. The current and former AMC speaks for itself.

71. Paragraph 71 paraphrases sections of the AMC and therefore does not require a response. Municipal Defendants deny any other allegations that may be contained in paragraph 71 of Plaintiff's Complaint.

72. Paragraph 72 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

73. Paragraph 73 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

74. Paragraph 74 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

75. Paragraph 75 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

76. Paragraph 76 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

77. Paragraph 77 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

78. Paragraph 78 paraphrases sections of the AMC and therefore does not require a response. The AMC speaks for itself.

### The "Doe" Incident & Prior Commission Complaints

79. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On

December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 79.

80. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 80.

81. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 81.

82. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 82.

83. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 83.

84. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 84.

85. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 85.

86.   This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 86.

87.   This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 87.

88.   This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 88.

89. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 89.

90. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 90.

91. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 91.

92. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 92.

93. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 93.

94. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 94.

95.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 95.

96.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 96.

97.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 97.

## The Prior Litigation

98.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, court filings speak for themselves.  Accordingly, no answer is required to Paragraph 98.

99.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, court filings speak for themselves.  Accordingly, no answer is required to Paragraph 99.

100.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, the Court's order speaks for itself. Accordingly, no answer is required to Paragraph 100.

101. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, the Court's order speaks for itself. Accordingly, no answer is required to Paragraph 101.

102. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, the Court's order speaks for itself. Accordingly, no answer is required to Paragraph 102.

103. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. In addition, court filings speak for themselves. Accordingly, no answer is required to Paragraph 103.

### AO2021-30: Anchorage Again Comes After Hope Center

104.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 104.

105.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 105.

106.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 106.

107. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 107.

108. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 108.

109. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 109.

110. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 110.

111. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 111.

112. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 112.

113. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 113.

114. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 114.

115. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 115.

116. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 116.

117. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 117.

118. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 118.

119. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 119.

120. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 120.

121. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 121.

122. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 122.

123. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 123.

124. Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 124 of Plaintiff's Complaint.

125. Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 125 of Plaintiff's Complaint.

126.     Municipal Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 126 of Plaintiff's Complaint.

127.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 127.

128.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 128.

129.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 129.

130. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 130.

131. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 131.

**ALLEGATIONS OF LAW**

132. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 132.

133. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 133.

134. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 134.

135. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 135.

## FIRST CAUSE OF ACTION
### First Amendment: Free Exercise of Religion

136. Defendants reincorporate and reallege their answers to paragraphs 1-135.

137. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 137.

138. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 138.

139. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 139.

140. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 140.

141. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 141.

142. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 142.

143. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 143.

144. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 144.

145. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 145.

146.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 146.

147.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 147.

148.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 148.

149.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 149.

150.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 150.

151.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 151.

## SECOND CAUSE OF ACTION
### First Amendment: Freedom of Speech

152.  Defendants reincorporate and reallege their answers to paragraphs 1-151.

153.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 153.

154.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 154.

155.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 155.

156. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 156.

157. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 157.

158. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 158.

159.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 159.

160.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 160.

161.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 161.

162. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 162.

163. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 163.

164. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 164.

## THIRD CAUSE OF ACTION
### First Amendment: Freedom on Expressive Association

165.     Defendants reincorporate and reallege their answers to paragraphs 1-164.

166.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 166.

167.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 167.

168.     This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 168.

169. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 169.

170. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 170.

171. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 171.

172. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 172.

173. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 173.

## FOURTH CAUSE OF ACTION
## <u>Fourteenth Amendment: Freedom of Private Association</u>

174. Defendants reincorporate and reallege their answers to paragraphs 1-173.

175. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On

December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 175.

176. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 176.

177. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 177.

178. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 178.

179.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 179.

180.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 180.

181.  This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining

issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 181.

182. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 182.

183. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 183.

184. This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the

limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 184.

## FIFTH CAUSE OF ACTION
## Fourteenth Amendment: Procedural Due Process

185.    Defendants reincorporate and reallege their answers to paragraphs 1-184.

186.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 186.

187.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 187.

188.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants.  On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion

to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 188.

189.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 189.

190.    This paragraph relates only to matters that have been dismissed or resolved by the Court and therefore requires no response from Defendants. On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021. Accordingly, no answer is required to Paragraph 190.

## AFFIRMATIVE AND OTHER DEFENSES

1.    One or more of Plaintiff's claims fails to state a claim upon which relief can be granted.

2.      The conduct of Municipal Defendants was justified or excused given the circumstances.

3.       Municipal Defendants acted in a manner that was proper, reasonable, lawful and in good faith.

4.      Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons or entities, including Plaintiff, over whom Municipal Defendants have no responsibility or control.

5.      One or more categories of damages sought by Plaintiff are speculative.

6.      Pursuant to AS 9.65.070(d) the Municipal Defendants are immune from liability for the acts of which Plaintiff complains.

7.      The Municipal Defendants are immune under the doctrines of absolute and/or qualified immunity.

8.      Plaintiff's claims are barred by failure to exhaust administrative remedies.

9.      Plaintiff lacks standing.

10.     One or more of Plaintiff's claim are not ripe.

11.     One or more of Plaintiff's claims are moot.

12.     Plaintiff has failed to mitigate its damages, if any.

13.     Municipal Defendants reserve the right to assert such other and additional affirmative defenses as may be discovered during the investigation and defense of this action.

14.     On December 20, 2021, this Court granted in part Defendants' 12(b)(1) Motion to Dismiss for Lack of Standing. Pursuant to this order, the only

remaining issue for litigation in the case is Hope Center's damages, if any, for the limited time period from May 25 to August 16, 2021.

## REQUEST FOR RELIEF

WHEREFORE Municipal Defendants respectfully request relief as follows:

A.     For judgment in favor of Municipal Defendants and against Plaintiff dismissing this action with prejudice;

B.     For judgment awarding Municipal Defendants their costs and attorney's fees incurred in this action; and

C.     For such other relief as this court deems just and equitable.


Respectfully submitted this 19th day May, 2022.

PATRICK N. BERGT
Municipal Attorney

By: s/Ruth Botstein, s/ Meagan Carmichael
      Ruth Botstein (AK Bar No. 9906016)
      Meagan Carmichael (AK Bar No. 1011071)
      Assistant Municipal Attorneys
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      Email: uslit@muni.org

Certificate of Service
The undersigned hereby certifies that on 05/19/2022, a
true and correct copy of the foregoing was served by
electronic means through the ECF system.


/s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office